I have the, I believe, very difficult task to persuade this court to find that my client's sentence of two mandatory life sentences for non-violent, non-forcible lewd conduct on two victims under Penal Code 288 was cruel and unusual punishment under the Eighth Amendment. This seems to be an issue of first impression. I have not found any cases which have addressed the mandatory sentencing scheme for first-time sex offenders under the one-strike law in California. However, there are a couple of cases which have held that the mandatory sentencing scheme for third-strike offenders can constitute cruel and unusual punishment, particularly if the severity of the crime is disproportionate to the penalty involved. You refer to it as mandatory, but it's really not mandatory. He was eligible for probation. Right? Yes, he was. And the judge found that he didn't qualify for probation. Yes, and then he only had, the judge only, that was one of the arguments, is that the judge only had two sentencing choices which were really disproportionate. He could either give probation, and if he denied probation, he did have no sentencing choices whatsoever, but he had to impose two mandatory life sentences. So a crime which qualifies for probation, no prison time whatsoever, or the other choice, two life sentences. And that, I think, is an issue of first impression, is disproportionate. He had no choices. No, he did have a choice. Yeah, once he denied probation, he had no other choice. But what makes that unconstitutional? Because it's... If he's not eligible for probation, then he gets the sentence imposed by, prescribed by statute. If he's eligible for probation, then he gets probation and walks out of the courtroom. Well, it would not be disproportionate if the judge had a choice, then, to impose, like, six, eight, 16 years. Or then, I think it would not be disproportionate. But he did not have a choice to do anything else but impose two life sentences. That's, so a crime which can either qualify for probation or for a mandatory life sentences, I think then the mandatory life sentences is grossly disproportionate. And particularly if the same conduct had been charged under the continuous sexual abuse of a child, it would not have qualified for a mandatory life sentence. It would have qualified for a six, 12, or 16-year sentence. You know, since we're reviewing this under AEDPA, we have to compare this and say, is what the state court did unreasonable in light of the Supreme Court precedent? And this crime is certainly not like Solem. It's not issuing a no-account check. Can you explain why this crime, which I think is generally, and with other states, seen as very serious, is contrary to or an unreasonable application of the Supreme Court cases? Yes, Your Honor. This crime was non-forcible sexual conduct. It did not involve any kind of violence. It did not involve any kind of force. Mr. Kula was barely 18 at the time he did it. He had been abused as a child himself. He was very immature by all accounts. It's my preposition that he was confused. The children didn't suffer any long-term trauma. And if you look at the cases where life sentences have been imposed, they all involve sexual violence, force or violence, and these crimes are committed under circumstances which increase the risk to the victim, such as burglary or kidnapping. And how does that fit in with the Supreme Court precedents? Well, I relied on people versus – excuse me – in Ramirez v. Castro. That was a third-strike case. The court applied the disproportionate principle to the third strike, whereas the third strike was, I think, a theft of videotapes. And I submit that because he was not even a repeat offender, it was not a violent crime that the disproportionate principle applies under the Supreme Court precedent. But did the State Court's decision apply the Supreme Court precedent in an objectively unreasonable way? Yes, because it found it was not disproportionate to the crime. Well, just because it came out with a different conclusion, then he literally doesn't mean it's objectively unreasonable. It did cite all the correct cases that would apply to the consideration of gross disproportionality. Well, I submit that the case – they relied on harming, and I just submit that the circumstances of this case are just very different than that case. If you'd like, you may reserve the remainder of your time or you may conclude your remarks. Thank you very much. Good morning. May it please the Court. There was some discussion. Your name, please. Can I have your name for the record, please? Oh, Ryan McCarroll, Deputy Attorney General. Thank you. There was some discussion earlier about whether or not the one-strike law provides a mandatory sentence. As it currently exists, it is mandatory. There is no probation eligibility under any circumstances. In this case, under the former version, it was still mandatory. The Court had no discretion to grant probation. In order to grant probation at all, to even consider it, the Court had to find five factors under Section 1203.066. The Court only found one, and that was that the defendant and his two victims were somehow connected on the same table of consanguinity. But in order to be eligible for probation, the Court also had to find that granting the defendant probation would have been in the victim's best interest and that there would be no risk of further harm. The Court found that neither of those circumstances existed. That factual finding was supported by substantial evidence, particularly from the report by the court-appointed psychologist who interviewed these victims. And as a result, this was a mandatory sentence. The Court had absolutely no discretion. The United States Supreme Court has repeatedly held that such mandatory sentences or that a sentence is not unconstitutional simply because it's mandatory. And in order to overcome the dual or in order to obtain federal habeas relief, the petitioner here must overcome the double deference to which this mandatory scheme is entitled, the familiar federalism deference under the Anti-Terrorism and Effective Death Penalty Act and the separation of powers deference under the Eighth Amendment. In this case, although California was the first state to increase the mandatory sentences for particularly heinous sex offenses like this one, several states have followed suit. And even the federal government last year imposed a 30-year mandatory minimum for committing the same offense against a single victim. Here we have two victims. As a result, there can be no inference, much less a confirmed inference under an interjurisdictional analysis, that this sentence was somehow cruel or unusual. May I ask you a procedural question? The state court decision below seemed to decide on procedural grounds, that Mr. Kohler's claim was procedurally barred. Then it went on to reach the merits. Are we looking at a case that was adjudicated on the merits, or are we looking at a procedural bar that was waived by the state? Both. The court ruled the state courts originally applied the procedural bar and said even if it wasn't barred, it would fail on the merits. So it had both a procedural bar and a merits adjudication. When the state answered the federal habeas petition, it did not reassert the procedural bar. It's an unusual practice, and that's the only reason why I included the footnote pointing it out, that I don't know why the counsel below didn't address it, but it's commonly recognized that often adjudicating a procedural bar issue is harder than just addressing the merits. So perhaps that's one reason. But the state did waive the affirmative defense of procedural bar below. If Your Honors have the right to ask us to address it, but also have the right to just rule on the merits instead. But it is the government's view that the state court decided equally on the merits in the decision below? Yes. Both as to it first addressed the procedural bar and found that it was waived for failure to make a contemporaneous objection. And then it also found that even if it had not been waived, it would fail on the merits. And then also later in the state habeas corpus proceedings, found that the failure to object did not result in the ineffective assistance of counsel. That's probably the reason, because if you had litigated on the waiver issue, then he might still have prevailed on the IAC claims. But he wouldn't prevail on the IAC claim as long as he wouldn't prevail on the merits. So you might as well just deal with the merits, because you're going to get there anyway. That's right. And I expect that the state, at least the state court of appeal, addressed the merits anyway to preclude a state federal habeas corpus petition. It came anyway. And so the summary denial was not unexpected under those circumstances. The sentence was 15 to life, two concurrent 15 to life sentences. That's correct. Is he eligible then for parole in 15 years? Yes, minus a few credits. But he's my understanding is that he's no longer entitled to prison conduct credits under a subsequent amendment. But he did receive, he was eligible at least for, I don't know whether he actually received, conduct credits up to that amendment plus pre-sentencing custody credits. So 15 years minus a few months perhaps. When was he sentenced? When was he convicted and sentenced? I don't have that in front of me right now. But in any event, the credits that he was receiving were going to be capped at 85 percent. I'm sorry, he was going to have to serve 85 percent. His credits would be capped at 15, which is an exception to California's normal rule of day-for-day credit, which would yield 50 percent. So he would, in any case, have had to serve 85 percent. Eighty-five percent of 15? Correct, before receiving parole consideration. Okay. If Mr. Harris has any further questions, we'll submit. Thank you, Mr. McCarroll. Thank you. Ms. Metzger-Lashley. I just want to address a couple of points. Just because the mandatory sentencing scheme is substitute deference does not mean that you can't look at the severity of the mandatory sentence. The other thing is that, you know, this was not a particular sex offense. I mean, it was not compared to what other sex offenses involved. As I said, it was nonviolent, non-forcible immature play behavior. The last point I would like to address is that, while the petitioner is eligible for parole after 15 years, that doesn't mean he's going to be granted parole. Parole boards are very, very reluctant to grant any parole to sex offenders. It would be very difficult for him. He could face civil confinement under the new law. So the fact that his sentence is 15 to life does not mean, by all means, that he will be released after 15 years. Thank you, Your Honor. Thank you to both counsel. The case argued is submitted.
judges: Silverman, Wardlaw, Ikuta